UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JACQUELINE MEDINA,

        Plaintiff

           v.

NATIONAL RAILROAD PASSENGER CORP.,

        Defendant
----------------------------------------------------------------X

17 Civ.

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff, by her attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1.      The plaintiff is a resident of the State of New York, County of Kings, and City of Brooklyn.

2.      The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

3.      Prior to January 16, 2014, and at all times hereinafter mentioned, the defendant employed the plaintiff as a coach cleaner under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4.      Prior to January 16, 2014 and at all times hereinafter mentioned, the defendant maintained, operated and controlled Sunnyside Yard in Queens, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5.      During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among dozens of states, including New York and New Jersey.

**JURISDICTION AND VENUE**

6.      The plaintiff, JACQUELINE MEDINA, brings the First Cause of Action against the defendant for violations of the Federal Rail Safety Act, 49 U.S.C. § 20109 (FRSA).

7.      The plaintiff brings the Second Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

8.      This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, 49 U.S.C. § 20109(d)(3) and pursuant to 45 U.S.C. §56.

9.      Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

**PROCEDURAL FACTS**

10.      On July 19, 2014, the plaintiff filed a FRSA Complaint with the Secretary of Labor's Regional OSHA Whistleblower Office. (Exhibit 1).  That was within 180 days from the date the plaintiff became aware of the defendant's adverse or unfavorable personnel action against him.

11.      The Regional OSHA Whistleblower Office commenced its investigation, and the plaintiff fully cooperated with OSHA's investigation.  However, OSHA did not issue a final decision within 210 days after the filing of the FRSA Complaint.  The delay was not due to any bad faith on the part of the plaintiff.

12.      Pursuant to Section (d)(3) of the FRSA, the plaintiff has a statutory right to bring an original action in a United States district court for a jury trial regarding the Railroad's violations of the FRSA. 49 U.S.C. § 20109(d)(3).

13.      Pursuant to 49 U.S.C. § 20109(d)(3), the plaintiff now is bringing this original action at law and equity for *de novo* review by the United States District Court of the District of Southern New York, which Court has jurisdiction over this FRSA action and FELA action without regard to the amount in controversy.

**FACTS**

14.    At the time of the defendant's FELA violations, the plaintiff was employed by the defendant as a coach cleaner, and qualified as an employee within the meaning of 45 U.S.C. § 51.

15.    On January 16, 2014, the plaintiff was working as a coach cleaner on Track 32 when she was trying to remove a garbage bin from the train.

16.    As a result of the defendant's negligence, the bin caught on the track it was intended to ride upon because the metal was bent, requiring unreasonable force to complete her assigned tasks.

17.    Plaintiff sustained a neck sprain as a result of the defective equipment.

18.    Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

19.    Plaintiff's injuries include, but are not limited to, muscle sprain/spasm in her neck leading to an inability to work.

**COUNT I**
**Violation of FRSA**

20.    The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

21.    The plaintiff engaged in protected activity under the FRSA when she reported an on the job injury and related safety hazards, as well as violations of federal railroad safety regulations.

22.    The defendant had knowledge of all the protected activities referenced above.

23.    The defendant took adverse or unfavorable actions against the plaintiff in whole or in part due to plaintiff's protected activities when it issued a "counseling" letter to plaintiff, which was placed in plaintiff's personnel file, to be considered on any potential future discipline charge as a foundation for increased discipline. This also served to block plaintiff from future promotional

activities.  In so doing, the defendant acted with reckless disregard for the law and with complete indifference to the plaintiff's rights under the FRSA.

WHEREFORE, in order to encourage employees to freely report all injuries and safety concerns without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, the plaintiff demands a Judgment under the FRSA for all relief necessary to make her whole, including but not limited to: expungement of all references to any disciplinary action or "counseling"; lost benefits with interest; lost wages with interest; compensatory damages for economic losses due to defendant's conduct; compensatory damages for mental anguish and emotional distress due to defendant's conduct; the statutory maximum of punitive damages; and special damages for all litigation costs including expert witness fees and attorney fees.

## COUNT II
### Violation of FELA

24.    The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

25.    This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

26.    On or about January 16, 2014, while the plaintiff, an employee of the defendant, was in the performance of her duties as a coach cleaner at Sunnyside Yard, Queens, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

       a.   in failing to provide plaintiff with a reasonably safe place to work;

b.  in failing to maintain the equipment on its rolling stock to a reasonably safe condition;

c.  in failing to repair damaged equipment on hits rolling stock;

d.  in failing to warn plaintiff of damages to equipment on its rolling stock;

e.  in failing to heed prior warnings regarding damage to equipment on its rolling stock;

f.   and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

27.    The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

28.    The plaintiff was damaged thereby in the sum of $50,000.00.

WHEREFORE, plaintiff JACQUELINE MEDINA demands judgment against the defendant on Count I in the sum of FOUR HUNDRED FIFTY THOUSAND ($450,000.00) DOLLARS; and plaintiff JACQUALINE MEDINA demands judgment against the defendant on Count II in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted

By: _____

MARC WIETZKE

FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com